IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEMAR MEAKENS, M54537, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1896-DWD |
| | ) |
| CHAD JENNINGS, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Lamar Meakens, an inmate of the Illinois Department of Corrections (IDOC), brings this mandamus action concerning his incarceration at Robinson Correctional Center. (Docs. 1, 7). Meakens contends that his sentence has not been calculated correctly by the Illinois Department of Corrections, and that if it was calculated properly he would be entitled to release. He seeks an order directing that his sentence be recalculated, a copy of his sentence calculation sheet, documentation of this problem for Due Process purposes, and any other relief the Court deems appropriate.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se*

complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Petition

Meakens brings his petition pursuant to 735 ILCS 5/14-101. (Doc. 7 at 2). He seeks the specific performance of duties by Defendant Jennings, specifically a recalculation of his sentence credit. As background for his request, Meakens alleges that at the time he was sentenced in state court, he was credited 1,232 days of sentence credit. This was comprised of 951 days of home detention and 281 days in a county jail. He argues that under Illinois law, both forms of confinement counted for purposes of "good behavior allowance." (Doc. 7 at 2-3). He also states that the mandatory minimum sentence for his "highest charge" was three years or 1,095 days. After sentencing and before transfer to IDOC custody, he claims he served another 10 days, which entitles him to an additional 10 days of good time credit. In total, he claims he is entitled to 1,242 days of good behavior allowance, which when doubled would amount to 2,474 days towards his sentence as of April of 2024.

Plaintiff further explains that the sentencing court had no authority to deprive him of this good behavior allowance, and that his sentencing judge did not intend to do so. However, he claims that when he filed a motion asking his sentencing judge to direct the State's Attorney to update his sentencing credit, the judge told him that such an order was not necessary because the sentencing order was not worded in such a way that would prevent him from getting the credit. (Doc. 7 at 6). Plaintiff alleges the burden was then with the IDOC to correctly compute his sentence properly, which would have established

that he was eligible for immediate release in April of 2024.  Given this series of allegations, Plaintiff surmises that "Defendant" is utilizing the IDOC to commit crimes including illegal detention, unlawful restraint, and due process violations.  (Doc. 7 at 7).

Plaintiff claims he has written multiple grievances about his sentence calculation and that his family members have also tried to call the records department supervisor, all to no avail.  (Doc. 7 at 7).  He claims that as a result of Defendant's actions he will suffer irreparable harm.

He seeks an order of mandamus compelling Defendant to properly compute his sentence with the 1,242 days of good credit and to provide him a copy of the computation sheet.  (Doc. 7 at 8).  He also seeks to document this issue as a due process violation, and he seeks any other relief the Court deems proper.  In support of his complaint, he submitted an excerpt of the Illinois statute on sentence computation, 730 ILCS 130/3.

### Analysis

Meakens has clearly and unequivocally filed this action as an application for writ of mandamus.  (Doc. 7 at 1).  He filed an original petition (Doc. 1), and then he subsequently filed an amended petition (Doc. 7).  The Court analyzes the amended petition, though it did not note any significant difference between the two filings.  Meakens cites to Illinois law, but an Illinois state statutory provision does not vest this Court with any authority to act.

The generic writ of mandamus has been abolished.  Fed. R. Civ. P. 81(b).  Two different federal statutes govern Writs of Mandamus, and Meakens cited neither.  *See* 28 U.S.C. § 1361 and 28 U.S.C. § 1651.  Regardless, federal courts have no authority to grant

mandamus relief against state officials. Rather, federal mandamus jurisdiction is limited to actions against "an officer or employee of the United States or any agency thereof." *See* 28 U.S.C. § 1361. Section 1651 also does not vest the Court with jurisdiction to issue the writs of mandamus that Meakens seeks in this action against state officials because there is no other independent basis of jurisdiction. *See* 28 U.S.C. § 1651(a); *United States v. Spadafora*, 207 F.2d 291 (7th Cir. 1957) (Section 1651 is not an independent basis for jurisdiction, it only authorizes a court to grant mandamus relief to the extent necessary to effectuate things in an action already within its jurisdiction). Thus, this Court lacks jurisdiction to issue a writ of mandamus against Chad Jennings.

Beyond the possibility of mandamus relief, the Court notes that to the extent Meakens seeks his release from custody, release may only be sought in a federal habeas corpus proceeding under 28 U.S.C. §§ 2241 or 2254. The Seventh Circuit has instructed that courts reviewing civil lawsuits under other statutes should not automatically re-construe a civil matter as a habeas petition because individuals are generally limited to single habeas proceeding and should not be allowed to jeopardize that single opportunity with an improperly framed civil suit. *See e.g.*, *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999) (A claim presented in a civil rights suit that should have been prosecuted under the habeas corpus statute should not be converted into a habeas action and decided on the merits. Instead, it should be dismissed leaving the prisoner to decide if he wishes to sue for habeas relief). Thus, if Meakens seeks his release, he may elect to pursue that in a federal habeas action.

Finally, the Court notes that Meakens also mentions due process violations in this pleading, but a due process challenge under 42 U.S.C. § 1983 that would necessarily lead to his immediate release cannot be pursued until after Meakens seeks habeas relief or otherwise has a change in his custodial status.  *See e.g.*, *Riley v. Hughes*, 2024 WL 3949444 at * 2-3 (S.D. Ill. Aug. 27, 2024) (finding that an inmate could not pursue a Section 1983 complaint for alleged over-incarceration while he was still detained).

Based on the foregoing analysis, the Court finds it appropriate to dismiss Meakens' mandamus action for lack of jurisdiction.  The Court will not afford Meakens leave to amend in this civil case, because there is no apparent amendment that could cure the defects identified in this Order.  The Court will not impose a strike in this action because the dismissal for lack of jurisdiction is not an enumerated ground under 28 U.S.C. § 1915(g), and the Court does not find that the filing of this case was intentionally frivolous.  *See e.g.*, *Haury v. Lemmon*, 656 F.3d 521, 523 (7th Cir. 2011) (dismissal for lack of jurisdiction does not warrant a strike under 28 U.S.C. § 1915(g), at least when the assertion of jurisdiction itself is not found to be frivolous).

### Disposition

Meakens' writ of mandamus (Doc. 7) is **DISMISSED** for lack of jurisdiction.  The Clerk of Court is **DIRECTED** to enter judgment and to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: October 18, 2024           /s *David W. Dugan*
                                                                            _____
                                                                            DAVID W. DUGAN
                                                                            United States District Judge